UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY J. DUGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-102 AS |
| | ) | |
| DURO, INC., DURO RECYCLING, INC., | ) | |
| DURO REALTY, INC., and DURO | ) | |
| TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants, Duro, Inc., Duro Recycling, Inc., Duro Reality, Inc., and Duro Transport, Inc.'s (collectively "Duro" or "corporations") Amended Motion to Dismiss (Docket No. 46) filed on November 6, 2006. Duro filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) requesting this Court to dismiss the action on the basis that no subject matter jurisdiction exists. On November 30, 2006, Plaintiff Timothy J. Dugle ("Dugle") filed a Memorandum in Opposition to Motion to Dismiss (Docket No. 47), to which Duro replied on December 15, 2006 (Docket No. 49). Oral arguments were heard on the motion in South Bend, Indiana on January 16, 2007, and the issue has been fully briefed.

### I. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) and (h)(3) authorize the court to dismiss claims for lack of subject matter jurisdiction. If a plaintiff cannot establish subject matter jurisdiction then

relief from this court is not possible, and a dismissal under Fed. R. Civ. P. 12(b)(1) is the appropriate disposition. *See United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (citations omitted); *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986) (holding that jurisdiction is the "power to decide" and must be conferred upon a federal court, not assumed).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for want of subject matter jurisdiction, the district court must accept the complaint's well-pleaded factual allegations as true, drawing all reasonable inferences therefrom in the plaintiff's favor. *United Transp. Union*, 78 F.3d at 1210 (citations omitted). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing that the jurisdiction requirements have been met. *Kontos v. United States Dept. Of Labor*, 826 F.2d 573, 576 (7th Cir. 1987) (citations omitted). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exits. *United Transp. Union*, 78 F.3d at 1210 (other citations omitted).

With these legal principals in mind, the Court now turns to the instant motion.

## II.  FACTUAL BACKGROUND

On February 18, 2005, Plaintiff, Timothy J. Dugle, a resident of Elkhart County, Indiana, filed his "Complaint for Declaratory Relief" against the Duro Defendants, all Indiana corporations with principal places of business in Elkhart, Indiana. Complaint at

2

¶¶ 2-6. The complaint alleges that the "action arises under the Clayton Antitrust Improvements Act of 1946." Complaint at ¶ 1. On September 10, 2004, Dugle was a shareholder in each of the Defendant corporations, when he entered into an agreement with Andrew Shah to sell a large portion of his stock in each of the corporations. Complaint at ¶¶ 7-8. Pursuant to the agreement with Andrew Shah, Dugle demanded that the corporations honor the conveyance and transfer and issue stock in the name of Andrew Shah. Complaint at ¶ 9. On November 24, 2004, each of the corporations, through their attorney, advised Dugle that the corporations were deeming the said sale and conveyance of stock by Dugle to Mr. Shah null, void, illegal or against public policy pursuant to the Clayton Antitrust Improvements Act of 1946 and for "other reasons." Complaint at ¶¶ 10-11, Exhibit A. Dugle alleges that the Clayton Antitrust Improvements Act of 1946, "nor any of the other reasons" raised by the corporations, would prevent or preclude the corporations from approving and validating the said sale and conveyance of stock, and issuing stock in the name of Andrew Shah, "pursuant to the said agreement." Complaint at ¶ 12. Therefore, because the parties "cannot agree as to whether or not the respective corporations should issue stock in the name of Andrew Shah," Dugle demands that this Court, among other things, declare that the corporations are not "entitled to deem the sale of stock by the Plaintiff to Andrew Shah in each of the Defendant corporations as null, void, illegal or against public policy based on the Clayton Antitrust Improvements Act of 1946 or any other reason whatsoever" and, order the corporations to "issue stock to

the said Andrew Shah, in conformity with the provisions of the agreement between the Plaintiff and Andrew Shah." Complaint at ¶¶ 13, 13a, and 13b. On November 24, 2004, Duro's counsel sent a letter to Dugle and Mr. Shah, in which Duro raised several state law concerns, such as fiduciary duties, Indiana state trade secrets and antitrust laws, and a federal law concern relating to the Clayton Act's prohibition on anti-competitive acquisitions of stock. Complaint, Exhibit A. Further, Duro indicated that it was concerned as to Mr. Shah's connection with Duro's competitor, Global Group, Inc. *Id.* The letter requested additional information in order for Duro to confirm that the proposed transaction is not void, null, illegal, or against public policy. *Id.*

### III.  DISCUSSION

Defendant Duro argues that since this is a declaratory judgment action, it is pertinent to note that as explained in *Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671 (1950), the Declaratory Judgment Act confers no additional jurisdiction upon the federal courts. Therefore, the well-pleaded complaint rule of pleading federal question jurisdiction is applied. Duro suggests that Plaintiff Dugle's basis for subject matter jurisdiction is not well-pleaded, because it is based solely on an anticipated defense. Duro relies on *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir. 2004) in support of the proposition that if the sole basis for federal question jurisdiction are the anticipated or probable defenses of the defendants, then a federal court is precluded from taking subject matter jurisdiction. Duro argues that the alleged contract

for the sale of stock is purely governed by state law, but Duro's explicit concerns regarding the transaction were anticipated defenses which included both state law issues and a concern with regard to federal law.  Therefore, Dugle's anticipation of Duro's anticipated federal defense based on federal law, the Clayton Act, cannot be used to invoke the court's jurisdiction in the context of a declaratory judgment action.  Morever, Duro argues that the anticipated federal defense relating to anti-competitive acquisitions of stock under the Clayton Act, is one which does not occupy the field so as to place this lawsuit in the category of "complete preemption", as discussed in *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001).  Therefore, Duro argues that there is no subject matter jurisdiction and the matter must be dismissed.

Plaintiff Dugle asserts that federal courts have considerable discretion in determining whether to resolve the rights of litigants under the Declaratory Judgment Act, as stated in *Pence v. Lighting Rod Mut. Ins. Co.*, 203 F.Supp.2d 1025 (S.D.Ind. 2002) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)).  Dugle argues that this Court may properly exercise subject matter jurisdiction where a federal question can be determined from the face of the complaint.  Here, Dugle contends that where Duro admitted that the sale and transfer of stock is null, void, illegal or against public policy pursuant to the Clayton Act, this established the question of whether the sale and transfer violates federal law, which confers subject matter jurisdiction on this Court to determine the same.  In support of the proposition, Plaintiff Dugle relies on *Turner/Ozanne v. Hymann/Power*,

5

111 F.3d 1312 (7th Cir. 1997), where the Court held that it had jurisdiction to make a determination regarding whether a construction manager was entitled to relief in an indemnity portion of a contract as it related to federal law.  Dugle further contends that litigants engaged in federal contractual disputes may seek relief in federal court under the Declaratory Judgment Act, and therefore this Court has subject matter jurisdiction in this declaratory action in order to determine Dugle's contractual rights as the contract relates to federal law.

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  *See City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir. 2004).  Plaintiff Dugle is correct, in that this Court has wide discretion to issue declaratory judgments; however, jurisdiction, including subject matter jurisdiction, must be present in order for Dugle to seek relief under the Declaratory Judgment Act, because the Act does not provide a new or substitute basis for subject matter jurisdiction.  *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 691-92 (7th Cir 1995) (citations omitted) (holding that the statute does not dispense with the Article III case or controversy requirement, nor does it supply the court with subject matter jurisdiction; but, when the jurisdictional prerequisites are satisfied, the district court is not compelled to declare the rights and relations of the parties).

Here, the alleged contract for Dugle's sale of stock to a non-party, Mr. Shah, and the alleged demand on the Duro Defendants to transfer the stock is purely governed by state law. Duro has admitted that it is concerned that the alleged contract may violate both state law and possibly federal law; however, this is merely an anticipated defense of Duro's, not a proper basis for this Court's subject matter jurisdiction. *See Luisville & Nashiville Railroad Co. v. Mottley*, 211 U.S. 149 (1908) (holding that anticipation of a federal defense may not be used to invoke this court's general federal question jurisdiction); *Skelly Oil Company,* 339 U.S. at 673-74 (applying *Motley's* rule in the context of a declaratory judgment action).

Further, *Turner/Ozanne v. Hymann/Power*, 111 F.3d 1312 (7th Cir. 1997) does not help Dugle here. In *Turner/Ozanne*, one of the parties to the contract was the United States Post Office, the subject matter of that contract was a federal construction project, and the corpus of the dispute was the indemnity provision the government negotiated with its contractor, which were all cited by the court in electing to grant subject matter jurisdiction because of the federal questions raised. *Turner/Ozanne*, 111 F.3d at 1318. Additionally, *Turner/Ozanne* qualified for diversity jurisdiction under 28 U.S.C. § 1332. *Id*. Here, the contractual dispute is between and among state residents and involves the ownership in an Indiana corporation. The only allegation of a federal question relates to Dugle's anticipation of one of Duro's defenses, as it relates to the Clayton Act. Dugle's claims are far to attenuated from federal law, to be said to arrise under the same.

Furthermore, this is not a case where the only issue to be decided is a question of whether federal law permits the sale and transfer of the stock, but the complaint presents many reasons completely unrelated to the provisions and purposes of the Clayton Act as to why Dugle may or may not be entitled to the relief he seeks.  *See Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 25-26 (1983); *Fort Wayne Community Schools,* 735 F.Supp. at 911.  The anticipated defense relating to anti-competitive acquisitions of stock under the Clayton Act does not provide this Court with subject matter jurisdiction to adjudicate the dispute.  Moreover, this is not one of those instances where federal question jurisdiction is present due to federal law occupying the field making it impossible even to frame a claim under state law.  *See, Vorhees,* 272 F.3d at 402-04.  In fact, Plaintiff Dugle has not refuted this point.  There simply is no federal question jurisdiction here.

Because Plaintiff Dugle has failed to establish the jurisdiction requirements, this Court is without subject matter jurisdiction which makes relief from this Court impossible.  Therefore, dismissal of Dugle's claim under Fed. R. Civ. P. 12(b)(1) is the appropriate disposition.

### IV.  Conclusion

Based on the foregoing analysis, Defendants, Duro, Inc., Duro Recycling, Inc., Duro Reality, Inc., and Duro Transport, Inc.'s Amended Motion to Dismiss (Docket No. 46) is **GRANTED**.  The Clerk of the Court is ordered to dismiss Plaintiff Timothy

Dugle's "Complaint for Declaratory Relief" (Docket No. 1) without prejudice.

**SO ORDERED**.

**DATED: April 5, 2007**

                                                  S/ ALLEN SHARP
                                **ALLEN SHARP, JUDGE**
                                **UNITED STATES DISTRICT COURT**